IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BERNISTINE WILLIAMS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV101 |
| | § | |
| THE THRIFT STORE, SEN SONG, INC., | § | |
| JEAN ANDERSON and DALROCK | § | |
| MANAGEMENT COMPANY | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF UNITED STATES MAGISTRATE
JUDGE GRANTING MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendants' Senson, Inc. d/b/a The Thrift Store and Jeannette Anderson's Motion for Summary Judgment (**Dkt. 29**). Having reviewed the record herein, the Court finds that the motion should be **GRANTED**.

In this case, *pro se* Plaintiff Bernistine Williams claims that she was discriminated against while shopping at a thrift store in Plano, Texas where she had been a regular customer for many years. In her amended complaint, Plaintiff brings a claim against the thrift store and its management under 42 U.S.C. § 1981. *See* Dkt. 21. Plaintiff alleges that she was not permitted to shop at the thrift store because she is a person of color.

Defendants have filed a motion for summary judgment, arguing that Plaintiff should take nothing as to her claim here. *See* Dkt. 29. In their motion, Defendants argue that they are entitled to summary judgment because Plaintiff's claim under 42 U.S.C. § 1981 is barred by the statute of

1

limitations. Defendants also argue that Plaintiff has failed to produce any evidence to support her claim. Specifically, Defendants argue that Plaintiff has failed to establish an intent to discriminate on the basis of race under Section 1981. Finally, Defendants argue that they are entitled to summary judgment because shopping in a retail establishment is not a protected activity.

Plaintiff has filed a response and surreply in opposition to Defendants' motion, and the matter is ripe for resolution.

**MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial."  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).  Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial.  *Stults*, 76 F.3d at 655.  The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.  E.D. TEX. LOCAL R. CV-56(d).  Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden.  *Stults*, 76 F.3d at 655.

### EVIDENCE PRESENTED

In support of their motion, Defendants attach: (1) Exhibit A: a copy of Plaintiff's original complaint; (2) Exhibit B: a copy of Plaintiff's amended complaint; (3) Exhibit C: excerpts of the transcript of Plaintiff's deposition taken on January 14, 2015.  Dkts. 29-1–29-3.

In response, Plaintiff attaches to her summary judgment response various excerpts from her pleadings filed in this case (in both the Northern and Eastern Districts of Texas) as well as a February 21, 2012 letter to the Owners of the Thrift Store from "Long-time customer."  Dkts. 34-1–34-7.

3

To her surreply, Plaintiff again attaches various excerpts from her pleadings filing in this case and the February 21, 2012 letter. Dkts. 38-1 – 38-5

Defendants have objected to Plaintiff's summary judgment evidence, arguing that it is conclusory, unverified, unauthenticated and hearsay. Defendants ask the Court to strike Plaintiff's evidence from its consideration. *See* Dkts. 36 & 41.[1]

As to the excerpts from Plaintiff's pleadings, the Court can take judicial notice of the pleadings herein; however, they are not enough to sustain a non-movant's summary judgment burden in going beyond the pleadings. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (a party opposing a motion for summary judgment cannot rest upon mere allegations or denials in the pleadings or papers, but instead must set forth specific facts demonstrating a genuine issue for trial); *Nola Spice Designs, L.L.C. v. Haydel Enter., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (non-movant must go beyond the pleadings and rely on her own affidavits, depositions, answers to interrogatories, or admissions on file and designate specific facts showing that there is a genuine issue for trial). Any allegations within Plaintiff's pleadings are not competent summary judgment evidence to create a fact issue here. Defendants' objections to Plaintiff's summary judgment exhibits 1, 2, 4, 5, 6, and 8 are thus sustained.

As to the letter purportedly from Plaintiff, the Court agrees that it is unauthenticated and may contain hearsay. However, the Court finds that it could be proven up at trial and, given Plaintiff's

---

[1]Defendants' Motion to Strike Plaintiff's Sur-Reply to Defendants' Motion for Summary Judgment (**Dkt. 41**) argues that it was untimely filed. Because the Court had not reached its consideration of the underlying motion when Plaintiff filed her sur-reply and because the sur-reply does not alter the Court's analysis in any way, the motion to strike it as untimely is **DENIED**.

*pro se* status, will not disregard it for purposes of the Court's summary judgment analysis. The Court must view all evidence in a light most favorable to the non-movant and accordingly will not strike it. The Court is mindful of cases like *Cruz v. Aramark Services, Inc.* cited by Defendants in their motion. *See Cruz v. Aramark Servs. Inc.,* 213 Fed. App'x 329, 333 (5th Cir. 2007) (unauthenticated letters not in affidavit form could not be used to defeat summary judgment). Because the Court finds that the letter, even if authenticated and admissible, fails to create a fact issue here, it declines strike it from the summary judgment record. And, because it could go to issues including notice and the dates of the incidents in question, Defendants' objections to Plaintiff's summary judgment exhibit 3 are overruled.[2]

With that said, however, regardless of *pro se* status, Plaintiff must satisfy her summary judgment burden to demonstrate, through specific citations to the summary judgment evidence, genuine issues of material fact for the Court. Even considering her submission of her unauthenticated letter to the thrift store owners and even assuming she could overcome all evidentiary hurdles such that the letter would be admissible at trial, Plaintiff has not satisfied her burden here.

With the exception of the pleadings (submitted by both sides as summary judgment evidence) – which are not proof of anything, except the date of filing her complaint – the Court is thus left with Plaintiff's deposition testimony and her unauthenticated letter to the thrift store owners in determining whether there is a genuine issue of fact as to her claims. The Court finds that this evidence fails to demonstrate a fact issue here.

---

[2]As noted by Defendants, there is no exhibit 7 in the summary judgment record.

Defendants first argue that Plaintiff's discrimination claim under Section 1981 is barred by the statute of limitations. *Byers v. Dallas Morning News*, 209 F.3d 419, 424 (5th Cir. 2000) (finding that generally Texas law imposes a two-year statute of limitations for discrimination claims under § 1981). Plaintiff's complaint alleges that "on or about February 16, 2012" she was discriminated against by being told she was banned from the store. This suit was filed on February 14, 2014. If Plaintiff's claims accrued on or after February 14, 2012, she filed within the statute of limitations. If Plaintiff's claims accrued prior to that, however, her claims may be barred.

In their motion for summary judgment, Defendants provide greater detail into the history between the parties and the events leading up to Plaintiff's suit. Plaintiff has claimed that she was first made to feel uncomfortable and believed she was being accused of price tampering because of her race when she purchased of a vase containing a floral arrangement (hereinafter referred to as the "vase incident"). Plaintiff has further alleged that she returned to the thrift store a few days later and was ultimately asked to leave the store after becoming upset when she was informed the store would not hold several plastic storage bins for her while she continued shopping (hereinafter referred to as the "bin incident").

Defendants cite to Plaintiff's deposition testimony that the first incident involving alleged discrimination – the vase incident – "probably" happened in 2011, two or three months before February 2012. Dkt. 29-3 at 4. And, Plaintiff testified that she was certain that this first incident occurred several months prior to February 2012. Plaintiff further testified:

> Q [by Defendants' counsel].  So there's two things I want to confirm. One, we know for certain that the incident -- the very first incident in this racial discrimination history could not have happened -- had to have

|  |  | happened on February the 11th or earlier? |
| --- | --- | --- |
| A [by Plaintiff]. | | Truly. |
| Q. | | Okay. |
| A. | | It did. |
| Q. | | Okay. So we can pinpoint at least that much. |
| A. | | Yes. |

Dkt. 29-3 at 5.

Plaintiff's summary judgment response does not cite to any summary judgment evidence that would show a fact issue regarding the date of the vase incident. Based on Plaintiff's own testimony that this incident occurred prior to February 11, 2012, the Court finds any claims of discrimination as to the vase incident are barred by the statute of limitations. Summary judgment is therefore granted as to any claims of discrimination alleged by Plaintiff regarding her purchase of a vase from the thrift store.

The Court next turns to the "bin" incident. In response to the summary judgment motion, Plaintiff alleges that "[o]n or about February 14, 2012, Plaintiff purchased 5 large bins/containers, took them to her car, returned to finish shopping and was told [she] had to leave and could leave and not come back to the store." Dkt. 34 at 3. However, such allegations are not summary judgment evidence.

In response to the summary judgment motion, Plaintiff alleges that "[o]n or about February 14, 2012, Plaintiff purchased 5 large bins/containers, took them to her car, returned to finish shopping and was told [she] had to leave and could leave and not come back to the store." Dkt. 34

at 3. As noted previously, such an allegation is not summary judgment evidence and does not prove anything as to the date of the alleged bin incident.

The letter to the owners of the thrift store – purportedly authored by Plaintiff (as a "Long-time customer") on February 21, 2012 – claims that she was "stalked last week on or around February 16, 2012 and was informed that [she] was to never come in the Thrift Store again." Dkt. 34-3 at 1. The Court can take judicial notice that the date of Plaintiff's letter to the owners, February 21, 2012, was a Tuesday; that February 16, 2012 was a Thursday, and that February 14, 2012 was a Tuesday. At her deposition, however, Plaintiff testified that the bin incident occurred on February 16. Dkt. 29-3. As to the bin incident, if Plaintiff is to be believed, the suit would be filed within the statute of limitations.

Although Defendants' motion seems to suggest that all of Plaintiff's claims accrued on the date of the vase incident, governing authority does not support such a finding. As explained by the Fifth Circuit in its discussion of a claim of discrimination under Section 1981 in the retail context: "In the retail context ... there is no continuing contractual relationship. Instead, the relationship is based on a single discrete transaction—the purchase of goods." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 360 (5th Cir. 2003). The Court finds that the summary judgment evidence presents a sufficient genuine issue of material fact that Plaintiff's claim regarding the bin incident – which is treated as a discrete transaction under Section 1981 analysis – was brought within the statute of limitations. The Court will not dismiss it on that ground. But that is not the end of the Court's inquiry.

The Court now turns to the merits of her underlying Section 1981 claim as to the bin incident. To establish a *prima facie* case of discrimination under 42 U.S.C. § 1981, a plaintiff must first

establish that (1) she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Arguello v. Conoco*, 330 F.3d 355, 358 (5th Cir. 2003) (citing *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001)). Such activities include the making and enforcement of contracts, defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)–(b).

Defendants argue that Plaintiff has failed to offer any evidence of an intent to discriminate against her on the basis of race. Defendants cite to her deposition testimony in which she states that "North Texas is notorious for racist behavior" and that "[t]hese people just pushed the wrong button" and "it's just something I'm not going to tolerate." Dkt. 29-3 at 12. Plaintiff's conclusory statements that the store managers' refusal to allow her back in the store after she became upset with them "was racist" and that their "behavior was indicative of racism because it is" (*see* Dkt. 29-3 at 12) is far too conclusory and speculative to create a fact issue as to Defendants' intent. And although Plaintiff testified that it was a "fact" that white individuals would not be subject to the same treatment as her, she offers no evidence to support that. Plaintiff has offered no summary judgment evidence to show that Defendants' actions were motivated by race. For this reason alone, her Section 1981 claims should not survive.

Further, "[t]o establish a deprivation of § 1981 rights in the retail context, the plaintiff must demonstrate the loss of an actual, not speculative or prospective, contract interest." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (citations omitted). For this reason, "mere

browsing" is not a tangible attempt to contract and is not sufficient to show a violation of Section 1981. *Williams v. Dillard's Dep't Stores, Inc.*, 211 Fed. App'x 327, 328-29 (5th Cir. 2006) (affirming grant of summary judgment for department store on Section 1981 claim where deposition testimony indicated that the plaintiff asked to look at watch rather than purchase it and was denied that request by Dillard's employees). Similarly, there is no claim under Section 1981 if the record evidences a completed purchase. *McNulty v. J.C. Penney Co.*, 305 F. App'x 212, 218 (5th Cir. 2008) (affirming summary judgment in favor of the defendant on Section 1981 claim where the plaintiff successfully completed the purchase and where summary judgment evidence showed no evidence that store's actions in detaining her were racially motivated after she exited the store with an item she had not purchased).

Here, Plaintiff has alleged that upon her return to the store to "finish up her shopping," she was told she was barred from the store, after asking to speak to the owners and to have their contact information (both of which requests were denied), she left the store without incident. Dkt. 34 at 4. She has not stated what other purchase was interfered with by Defendants. She does not allege that she was prevented from purchasing the bins; but instead she claims that she was not allowed to continue her "shopping experience" after she placed the bins she purchased in her car. Plaintiff's allegations do not state anything more than a speculative or prospective contract with the thrift store. Further – and more critically to the Court's summary judgment analysis – there is *no evidence* in the record that would show the specific deprivation of a purchase at the thrift store. "To establish a deprivation of § 1981 rights in the retail context, the plaintiff must demonstrate the loss of an actual, not speculative or prospective, contract interest." *Arguello*, 330 F.3d at 358.

10

As to Plaintiff's arguments regarding Defendants' alleged failure to make a public accommodation, to the extent Plaintiff has even attempted to state a claim under 42 U.S.C. § 2000a, the Court agrees with Defendants that retail establishments do not generally fall within the purview of 42 U.S.C. § 2000a. *See Brackens v. Big Lots, Inc.*, 2007 WL 208750, 2 (W.D. Tex. 2007). In any event, even if they did, Plaintiff there is no evidence in the record to create a fact issue regarding any such claim.

Although the Court is not required to scour the record in summary judgment proceedings, the Court has reviewed the evidence presented and finds there is simply nothing that would create any fact issue as to any of Plaintiff's allegations here. Viewing the record in the light most favorable to Plaintiff and taking into account her *pro se* status, at best, the only summary judgment evidence before the Court is Defendants' Exhibit C: excerpts of the transcript of Plaintiff's deposition taken on January 14, 2015 and Plaintiff's Exhibit 3 the February 21, 2012 letter to the Owners of the Thrift Store from "Long-time customer." The Court finds that this evidence fails to not demonstrate a genuine issue of material fact as to any claim of discrimination by Defendants.

Plaintiff's burden as the non-movant in summary judgment proceedings is clear. She is required to designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). She has not

done so here.  Thus, summary judgment is appropriate for Defendants.[3]

Defendants' Senson, Inc. d/b/a The Thrift Store and Jeannette Anderson's Motion for Summary Judgment (**Dkt. 29**) is **GRANTED** in its entirety, Plaintiff shall take nothing by any of her claims, and this matter shall be dismissed with prejudice.  Because Plaintiff is proceeding *in forma pauperis* in this matter, the Court declines to award Defendants their costs.

**SO ORDERED.**

**SIGNED this 21st day of September, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[3]Dalrock Management Company was originally named as a Defendant but has not made an appearance herein.  Not only are no facts are alleged against it, Plaintiff offers no summary judgment evidence to create a fact issue as to any claims against it and those claims are dismissed with prejudice.